IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE LEE HAWK JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL OVERMYER, et al. | : | NO.  15-6506 |

## REPORT AND RECOMMENDATION

ELIZABETH T. HEY, U.S.M.J.                                        January 4, 2016

Petitioner has filed a pro se petition for habeas corpus pursuant to 28 U.S.C.

§ 2254, challenging a conviction obtained in the Court of Common Pleas of Carbon

County.  See Doc. 1 ¶ 1(a) & (b) (referencing conviction in Commonwealth v. Hawk,

CP-13-CR-0000300-2010 (Carbon C.C.P.)).  He is currently incarcerated at the Forest

State Correctional Institution in Marienville, Pennsylvania ("SCI-Forest"), based on his

Carbon County conviction.  See http://inmatelocator.cor.pa.gov/InmLocator.aspx (last

visited Jan. 4, 2016).  For the reasons that follow, I recommend that the habeas petition

be transferred to the United States District Court for the Middle District of Pennsylvania.

A petitioner challenging his state conviction may file a federal habeas corpus

petition in either the district where he is in custody or in the district in which he was

convicted.  28 U.S.C. § 2241(d).  Thus, two district courts may have concurrent

jurisdiction if the petitioner is in custody in one district and was convicted in a different

district.

In this case, Petitioner was convicted in Carbon County, which is located in the

Middle District of Pennsylvania.  See 28 U.S.C. § 118(b).  He is incarcerated at SCI-

Forest in Marienville, Forest County, which is located in the Western District of

Pennsylvania.  See id. § 118(c).  Thus, the United States District Court for the Eastern

District of Pennsylvania does not have jurisdiction, and may dismiss the petition entirely.

See id. § 2241(d).  However, where the district court lacks jurisdiction, it may, in the

interest of justice, transfer the petition to a district court having jurisdiction over the

matter.

> Whenever a civil action is filed in a court as defined in
> section 610 of this title or an appeal, including a petition for
> review of administrative action, is noticed for or filed with
> such a court and that court finds that there is a want of
> jurisdiction, the court shall, if it is in the interest of justice,
> transfer such action or appeal to any other such court in which
> the action or appeal could have been brought at the time it
> was filed or noticed, and the action or  appeal shall proceed as
> if it had been filed in or noticed for the court to which it is
> transferred on the date upon which it was actually filed in or
> noticed for the court from which it is transferred.

Id. § 1631.

Considering the one-year limitations period imposed by section 2244(d)(1) and the

length of Petitioner's sentence (23 – 60 months), it is in the interest of justice to transfer

the petition.[1]  In his petition, Hawk challenges his Carbon County conviction for

aggravated assault and his counsel's representation during the appeals process.  See Doc.

1 ¶ 12, GROUNDS ONE – FOUR.  All of Hawk's claims involve actions that occurred in

the Carbon County Court of Common Pleas or the appeal of the Carbon County

conviction.  Because the records of his conviction are located in the Middle District of

---

[1]Review of the state court docket confirms that Hawk received a sentence of 23 -
60 months for his aggravated assault conviction.  See Commonwealth v. Hawk, CP-13-
CR-0000300-2010, Docket Sheet (Carbon C.C.P.).

Pennsylvania and the District Attorney of Carbon County would be in the best position to respond to the claims in this petition, it is in the interests of justice to transfer this petition to the Middle District.  See Griffin-El v. Diguglielmo, Civ. No. 08-4995, 2008 WL 2513693, at *1 n.2 (E.D. Pa. June 18, 2008) (transfer to conviction district best serves interests of justice); Pagan v. Brooks, Civ. No. 07-28, 2007 WL 3287334, at *2 (W.D. Pa. Nov. 6, 2007) (transferring case from Western to Eastern District, noting all records of conviction in Eastern District).

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this  4th   day of   January, 2016, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be TRANSFERRED TO THE MIDDLE DISTRICT OF PENNSYLVANIA.  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

The petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ELIZABETH T. HEY
_____
ELIZABETH T. HEY, U.S.M.J.