IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE LEE HAWK, JR.,** | : | Civil No. 3:16-cv-135 |
| **Plaintiff,** | : | |
| v. | : | |
| **MICHAEL OVERMEYER, et al.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is a report and recommendation ("R&R") filed by the magistrate judge in which he recommends that Hawk's motion filed pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. For the reasons set forth below, the R&R will be adopted.

## I. Background

Hawk was tried and convicted in the Carbon County Court of Common Pleas of aggravated and simple assault in connection with a road rage encounter. The factual background of this case has been set forth at length by the magistrate judge in his R&R and will not be repeated herein. (*See* Doc. 35, pp. 2-4 (quoting *Commonwealth v. Hawk*, No. 2780 EDA 2014, 2015 WL 7188062, *1 (Pa. Super. Ct. 2015).) Hawk's conviction and sentence were upheld on both direct and collateral review in the Pennsylvania state courts. The instant petition before this court makes the same arguments that were made before the Pennsylvania Superior

1

Court in the PCRA proceedings, namely that the evidence against Hawk was insufficient to sustain a conviction for aggravated assault, that the conviction was against the weight of the evidence, and that his lawyer was ineffective for failing to preserve the issue for appellate review. The magistrate judge found Hawk's habeas corpus petition to be without merit.

In his objections to the R&R, Hawk presents the following arguments: 1) the R&R is vague; 2) the R&R is in the language of the Superior Court; 3) the magistrate judge relied on perjured testimony of the victim John Flaims when the medical records did not support his claims of injury; and 4) the magistrate judge failed to recognize that trial counsel was ineffective.

## II. **Legal Standard**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v.* Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nonetheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

## III. <u>Discussion</u>

### a) Vagueness

Hawk first argues that the magistrate judge's use of the word "strong" in referring to the evidence against him is too vague. One of the definitions of "strong" is "persuasive or forceful." The evidence presented at trial was found by the Pennsylvania Superior Court to be "strong" or persuasive as to the guilt of defendant. In reviewing the evidence presented against Hawk, the magistrate judge had to decide if the evidence was sufficient to sustain the jury's verdict. There was nothing wrong with his use of the word "strong" to describe the weight of that evidence.

3

**b) Language of the Superior Court**

The magistrate judge's use of the Superior Court's opinion in reciting the facts of this case was proper as those facts are supported by the trial testimony. In the R&R, the magistrate judge set forth the law under 28 U.S.C. § 2254 in determining the power of the court to issue a writ of habeas corpus. A federal court must give appropriate deference to the factual findings and legal rulings made by the state courts in the course of state criminal proceedings, which requires the judge to review the records of those proceedings. The magistrate judge followed the law in determining that relief is not warranted.

**c) Perjured Testimony**

At trial, several witnesses as well as Flaims himself stated that Hawks struck the vehicle's driver's side window with a metal object with such force as to shatter the window. Flaims testified that as a result he was struck in the arm and face by glass fragments. Hawks argues that this testimony was untrue and is not supported by the medical records.

In the attachments to his objections, Hawks provides examination records from an eye doctor's appointment that Flaims had 1 ½ months after the incident. While no glass shards were present during that examination, the diagnosis is listed as "foreign body in conjunctival sac." (Doc. 36, p. 11.)

Hawk further argues that the medical records do not support Flaims' testimony of injury to his arm. However, the hospital records from May 6, 2010 reflect the following: "small abrasions noted in multiple places throughout forearm; largest laceration noted to [left] lateral proximal forearm near elbow, approx. 1.2 [inch] in length." (*Id.* at p. 12.) Further, the jury was shown two photographs depicting Flaims' bleeding left arm. Hawks' claim that Flaims suffered no injury is therefore without foundation.

### d) Ineffective assistance of counsel

Hawks' arguments related to his trial counsel's ineffectiveness has been addressed thoroughly and appropriately by the magistrate judge. The court finds that the magistrate judge did not err in regard to this issue.

### IV. Conclusion

Upon consideration of the R&R and the objections made thereto, the court finds that the R&R is well reasoned and supported by law. The R&R will be adopted in full.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: March 13, 2019